IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:22-CV-301-D

DERRICK ALLEN,)
)
Plaintiff,)
)
v.)  **ORDER**
)
HANNA IMPORTS and APEX IMPORTS,)
)
Defendants.)

On August 8, 2022, Derrick Allen ("Allen" or "plaintiff"), proceeding in forma pauperis, filed a complaint against Hanna Imports and Apex Imports (collectively, "defendants") alleging employment discrimination arising from Allen's employment termination [D.E. 1, 4, 5]. On October 20, 2022, defendants moved to dismiss the complaint for failure to state a claim upon which relief can be granted [D.E. 11] and filed a memorandum in support [D.E. 12]. On October 27, 2022, Allen responded in opposition to defendants' motion to dismiss [D.E. 17].

On November 29, 2022, pursuant to 28 U.S.C. § 636(b)(1), the court referred the matter to Magistrate Judge Brian S. Meyers for a memorandum and recommendation ("M&R") on the defendants' motion to dismiss [D.E. 18]. On July 31, 2023, Magistrate Judge Meyers issued an M&R and recommended that the complaint be dismissed for failure to state a claim upon which relief can be granted. See [D.E. 19].

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th

Cir. 2005) (cleaned up); see 28 U.S.C. § 636(b). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond, 416 F.3d at 315 (quotation omitted). If a party makes only general objections, de novo review is not required. See Wells v. Shriners Hosp., 109 F.3d 198, 200 (4th Cir. 1997). In "order to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." Martin v. Duffy, 858 F.3d 239, 245 (4th Cir. 2017) (quotation omitted); see United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007).

Plaintiff did not object to the M&R. Therefore, the court reviews for clear error. The court has reviewed the M&R and the record. There is no clear error on the face of the record. See Diamond, 416 F.3d at 315.

In sum, the court ADOPTS the conclusions in the M&R [D.E. 19], and DISMISSES WITHOUT PREJUDICE plaintiff's complaint for failure to state a claim upon which relief can be granted.

SO ORDERED. This 18 day of August, 2023.

JAMES C. DEVER III
United States District Judge